Case 1:26-mj-00025-MAU    Document 1-1

Case: 1:26-mj-00025
Assigned To: Judge Upadhyaya, Moxila A.
Assign. Date: 2/4/2026
Description: COMPLAINT W/ARREST WARRANT

## STATEMENT OF FACTS

1. At around 3:10 p.m. on February 1, 2026, law enforcement officers with the U.S. Marshals Service, U.S. Park Police, and Federal Bureau of Investigation arrived at a multiunit apartment building at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. As officers entered the stairwell through the building's front door, they encountered three individuals who were sitting and standing on the stairs. The officers began speaking with the individuals.

2. During the conversation, a man later identified as Lanard Anthony Cloyd exited one of the building's apartment units. He was wearing a black coat, a black cross-body bag, and black or gray jeans. When Cloyd saw the officers, he immediately brought his right hand to the cross-body bag and looked to the floor. Officers tried to speak with Cloyd, but he ignored them and left the building. Officers followed.

3. Cloyd walked across Eastern Avenue NE—which serves as the boundary between the District of Columbia and Maryland—without using a crosswalk. Traffic continued to flow in both directions as he walked. Meanwhile, officers gave several loud commands to stop. Partway across the street, Cloyd broke into a run. The officers pursued him. As Cloyd ran alongside a building on the Maryland side of the border, he discarded his jacket and cross-body bag onto the ground. Underneath his coat was an orange t-shirt.



**Cloyd Removing His Coat While Running**

4. Deputy U.S. Marshal Luis Caballero recovered the cross-body bag from the ground. The bag was unusually heavy, so he opened it. It contained a black firearm. Another officer announced the presence of a firearm to the other officers. From the time that Cloyd discarded the bag to when officers recovered it, officers never lost sight of it. A later search of the bag also uncovered a black-and-red digital scale.



**The Discarded Bag (Left) and Coat (Right)**

5. As Cloyd continued to run, officers saw him reach into his waistband, produce several clear plastic bags, and discard them on the ground. Officers eventually apprehended Cloyd behind the building at ███████████████████████████████████ From first encountering Cloyd in the apartment building in Washington, DC to Cloyd's apprehension in Maryland, officers never lost sight of him.

6. The firearm recovered from Cloyd's cross-body bag was a Stoeger, model STR-9, 9-millimeter semiautomatic handgun bearing serial number T642923U02906. It had 1 round of ammunition loaded in the chamber and 14 rounds loaded into an attached 15-round-capacity magazine. The firearm appeared to be a weapon which would or was designed to or could readily be converted to expel a projectile by the action of an explosive. Because there are no firearm or ammunition manufacturers in the District of Columbia, the firearm and ammunition must have previously traveled in interstate commerce. According to law enforcement databases, the Rocky Mount (North Carolina) Police Department had reported the firearm stolen.

7. Officers also recovered the clear plastic bags that Cloyd discarded. They contained 26 small bags of a white powder substance weighing 9.7 grams, 1 large bag of a white powder substance weighing 21.1 grams, 30 small bags of a white rock substance weighing 13.8 grams, and 1 large bag of a white rock substance weighing 15.9 grams. The white powder substance field tested positive for amphetamines. The white rock substance field tested positive for crack cocaine.

8. A search of Cloyd incident to arrest uncovered $1,840 of U.S. currency.

9. Before Cloyd's arrest, he had been convicted of a crime punishable by more than one year of incarceration. Specifically, he was convicted in D.C. Superior Court case number 2003 FEL 000319 of distribution of heroin. For that crime, he received a sentence of 27 years' incarceration with all but 4 years of that sentence suspended pending a 5-year period of supervised

release. Because Cloyd served 4 years in prison, he must have known that he had been convicted of a crime punishable by a term of imprisonment of more than one year.

10. In summary, your affiant submits that probable cause exists to charge Lanard Anthony Cloyd with possessing a firearm and ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1).

Respectfully submitted,

_____
Alexander Shepherd
Deputy U.S. Marshal, Badge #3160
U.S. Marshals Service

Subscribed and sworn by telephone pursuant to Federal Rule of Criminal Procedure. 4.1 on February 4, 2026.

_____
MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE